The Honorable RICHARD A. JONES
The Honorable Magistrate Judge S. KATE VAUGHAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ADAM BAUER, et al.,

               Plaintiffs,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS
MONROE CORRECTIONAL
COMPLEX MAILROOM PERSONNEL,
et al.,

               Defendants.

NO.  C21-0453-RAJ-SKV

STIPULATED MOTION AND
[PROPOSED] ORDER FOR
EXTENSION OF TIME

NOTE FOR: April 8, 2022

## I.    STIPULATED MOTION

Pursuant to LCR 7(d)(1) and LCR 10(g), the parties respectfully submit this stipulated motion to extend the deadlines set out in the existing case scheduling order as detailed in this stipulated motion.

Federal Rule of Civil Procedure 16 and Local Civil Rule 16 permit the extension of a deadline for good cause. The good cause standard primarily considers the diligence of the party seeking the extension and whether the deadline cannot be met despite reasonable diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). LCR 10(g) also permits the party to move pursuant to LCR 7(d)(1) for an order related to their stipulation. "If a stipulated motion would alter dates or schedules previously set by the court, the parties shall clearly state the reasons justifying the proposed change." LCR 10(g).

1    The current deadlines are set out in the Court's most recent order. *See* ECF No. 27. This
2    stipulation was entered based in part on the parties' agreement that Defendants would make a
3    supplemental production of documents to Plaintiffs during the extended time. *See* ECF No. 26,
4    at 1.

5    Defendants and their counsel have been working to produce this supplement, and a large
6    part of that supplement was based on the Department of Corrections' search for vaulted emails.
7    After defining the search parameters, defense counsel learned that multiple Washington State
8    agencies, including DOC, were in the process of a "vault migration." As a result of this
9    migration, some of the responsive vaulted emails exchanged during the relevant timeframe were
10   in one "vault" and some were in another. Further, each vault uses its own search engine. The
11   search engine associated with one set of emails is experiencing a delay in producing results.
12   DOC finally confirmed earlier this week (on April 5, 2022) that the initial searches were finished
13   running and defense counsel had received everything from that search.

14   After defense counsel received the vaulted emails, however, they found that there were
15   only one or two emails from 2020. To ensure that their original search terms had not
16   unintentionally excluded the 2020 timeframe, defense counsel has now requested another,
17   broader search. They are now awaiting the results of that search to either fully capture the set of
18   emails Plaintiffs requested or to ensure that the search is complete and there are no other emails
19   responsive to Plaintiffs' discovery requests.

20   In communicating all of this to Plaintiffs' counsel, the parties have jointly determined
21   that the deadlines in this case should be extended further to accommodate the delay in searching
22   for responsive emails and the additional time needed by defense counsel to ensure adequate
23   searches have been conducted. *See St. George v. Sequim Sch. Dist.*, No. 18-CV-05372-RJB, 2018
24   WL 6518118, at *1 (W.D. Wash. Dec. 11, 2018) (granting stipulated motion for extension of
25   time given parties' diligent discovery efforts in the face of technical difficulties and unexpected
26   external delays).

Additional time will also allow for continued discussions between the parties regarding the possibility of an out-of-court resolution to the dispute.

The parties thereby stipulate and request the Court grant their request to modify the case schedule at ECF No. 27 as follows:

|  | Current date | Proposed dates |
|---|---|---|
| Completion of document production: | - | April 28, 2022 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (see LCR 7(d) or LCR 37(a)(2)) | April 14, 2022 | May 12, 2022 |
| Discovery cutoff | May 13, 2022 | June 17, 2022 |
| All dispositive motions must be filed by this date and noted for consideration no later than the fourth Friday thereafter (see LCR 7(d)) | June 13, 2022 | July 8, 2022 |

RESPECTFULLY SUBMITTED this 8th day of April, 2022.

s/ Daniel A. Fiedler
Davis Wright Tremaine LLP
Bruce E.H. Johnson, WSBA #7667
Caesar D. Kalinowski, WSBA #52650
Daniel A. Fiedler, WSBA #56436
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
Fax: 260-757-7700
Email: brucejohnson@dwt.com
Email: caesarkalinowski@dwt.com
Email: danielfiedler@dwt.com

Attorneys for Plaintiffs

s/ Katherine J. Faber
Katherine J. Faber, WSBA #49726
Michelle M. Young, WSBA #52423
Assistant Attorneys General
Corrections Division
P.O. Box 40116
Olympia, WA 98504-0116 Telephone: 360 586-1445
Email: Katie.Faber@atg.wa.gov
Email: Michelle.Young@atg.wa.gov

Attorneys for Defendants

## II.   [PROPOSED] ORDER

The Court has considered the parties' stipulation, and for good cause shown, the Court approves the parties' stipulation and Orders as follows:

1.     The motion for extension is **GRANTED**;

2.     The Court adopts the case schedule as set forth in the parties' stipulation.

IT IS SO ORDERED.

DATED this 13th day of April, 2022.


S. KATE VAUGHAN
United States Magistrate Judge